**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**

| | |
|---|---|
| **IN RE: ROBERT LEE BATTS** | **CHAPTER 13** |
| **& ELLEN BATTS** | |
| **DEBTORS** | **CASE NO. 18-13804-JDW** |

**OBJECTION TO PROOF OF CLAIM FILED BY**
**UNITED STATES OF AMERICA, U.S.D.A, RURAL HOUSING SERVICE [CLAIM NO. 13-1]**

**COME NOW,** the above-named Debtors, by and through their attorney of record in this case, and objects to the Proof of Claim filed by United States of America, United States of Agriculture, Rural Housing Service ("USDA"), and in support hereof respectfully show unto the Court the following:

1. Debtors filed this case on October 18, 2018. The governmental proof of claim deadline was April 1, 2019.

2. USDA was listed as a secured creditor on the original petition and schedules (*see* Dkt. #1). The claim of USDA was listed to be paid in full over the life of the debtors' 60-month plan at the applicable *til* rate of interest. The property securing the claim is the debtors' principle residence.

3. On August 6, 2019, USDA filed a proof of claim (Clm. # 13-1) as a secured creditor in the amount of $52,512.51.

4. The claim includes various charges and fees, set forth below:

   | | | |
   |---|---|---|
   | a. | Custodial (property preservation): | $152.88 |
   | b. | Managerial Fees: | $906.56 |
   | c. | Escrow Advances not yet billed: | $5,025.20 |
   | d. | Subsidy subject to recapture: | $7,291.62 |
   | e. | Uncollected late charges: | $88.43 |
   | f. | Attorney Fees: | $75.55 |
   | g. | Interest: | $9,650.88 |
   | | | Total: **$23,191.12** |

5. USDA has not filed a notice of postpetition fees, charges or expenses evidencing any of the charges and fees listed above mandated by Federal Rule of Bankruptcy Procedure 3002.1(c) It is also unclear from the claim if and when these expenses were actually incurred. The USDA's

attempt to collect managerial, custodial and attorney fees post petition without the proper notices is an attempt to collect from the property of the debtors' estate, which is prohibited by §362(a)(3).[1]

6. The Claim fails to include evidence of any interest, fees, expenses or other charges incurred besides the statement itemization. Additionally, more than 180 days have passed since the filing of the petition. Therefore, all fees, interest, expenses and other charges should be disallowed.

7. The claim also fails to include evidence of escrow charges made or payments out of any escrow account required by Federal Rule of Bankruptcy Procedure 3001(c)(2)(C). Therefore, the escrow advances should be disallowed.

8. The claim also fails to include evidence of the amount subject to the subsidy subject to recapture required by Federal Rule of Bankruptcy Procedure 3001(c). Therefore, the subsidy subject to recapture should be disallowed.

9. Given the untimeliness of the USDA's claim, the USDA should be precluded from amending the claim to provide the omitted information, if it exists, or providing evidence at any hearing hereon according to Federal Rule of Bankruptcy Procedure 3001(c)(2)(D)(I).

10. Debtor's counsel should be awarded attorney's fees and reasonable expenses for having to bring this objection.

11. Additionally, the debtors should be awarded damages in the amount of $5,000.00 for the USDA's stay violation in the form of an offset under 11 U.S.C. § 106(b).

12. Other grounds to be shown at the hearing.

**WHEREFORE**, the Debtor prays to the Court as follows:

---

[1] Section 362(a)(3) prohibits "Any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate" while the stay is in effect.

a. The Court enter an order disallowing $23,191.12 of USDA's claim for failure to comply with Federal Rule of Bankruptcy Procedure 3001, and award reasonable attorney fees and costs of bringing this objection.

b. The Court enter an order finding USDA violated the automatic stay and award attorney's fees, costs and damages in the amount of $5,000.00 in the form of a setoff against the USDA's remaining claim.

c. The Court enter an order precluding USDA from offering any evidence of the omitted material at any hearing or via an amended claim or notice of postpetition fees, charges and expenses.

d. That the debtor have such other and further relief as the Court may deem just and proper under the circumstances.

This the 19th day of August, 2019.

/s/Robert Lomenick
KAREN B. SCHNELLER, MSB 6558
ROBERT H. LOMENICK, JR., MSB 104186
SCHNELLER & LOMENICK, P.A.
126 NORTH SPRING STREET
POST OFFICE BOX 417
HOLLY SPRINGS, MS 38635
662-252-3224/karen.schneller@gmail.com

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT MISSISSIPPI**

**IN RE: ROBERT LEE BATTS**                                                 **CHAPTER 13**
      **& ELLEN BATTS**

**DEBTORS**                                                                        **CASE NO. 18-13804**

**NOTICE OF OBJECTION TO CLAIM**

**YOU ARE HEREBY NOTIFIED** that an objection to your claim has been filed in the above referenced bankruptcy case. Your claim may be reduced, modified, or eliminated. If you do not want the Court to eliminate or change your claim, a written response to the attached objection to claim must be filed with:

**Clerk, U.S. Bankruptcy Court**
**Northern District of Mississippi**
**703 Hwy 145 North**
**Aberdeen, MS 39730**

and a copy must be served on the undersigned Debtor(s)' attorney and the Chapter 13 trustee on or before thirty (30) days from the date of this notice. In the event a written response is filed, the court will notify you of the date, time and place of the hearing thereon.

DATED: August 19, 2019

CHAPTER 13 STANDING TRUSTEE:
Ms. Locke D. Barkley
Chapter 13 Trustee
6360 I-55 North, Suite 140
Jackson, MS 39211

                                      /s/Robert H. Lomenick
                                      KAREN B. SCHNELLER, MSB 6558
                                      ROBERT H. LOMENICK, JR., MSB 104186
                                      SCHNELLER & LOMENICK, P.A.
                                      126 NORTH SPRING STREET
                                      POST OFFICE BOX 417
                                      HOLLY SPRINGS, MS 38635
                                      662-252-3224/karen.schneller@gmail.com
                                      rlomenick@gmail.com

<u>CERTIFICATE OF SERVICE</u>

   I, Robert H. Lomenick, attorney for the Debtor, hereby certify that a copy of the foregoing Notice of Objection to Claim and Objection to Claim has this day been served upon the Chapter 13 Trustee, the U.S. Trustee and Mississippi Department of Revenue, either by electronic means or by United States Mail.

**USDA Rural Development**
**Customer Service Center**
**PO Box 66879**
**St. Louis, MO 63166**

**USDA-Rural Development**
**Attn: Bankruptcy Section**
**PO Box 66879**
**St. Louis, MO 63166**

**Office of U.S. Attorney**
**Northern District of Mississippi**
**Attn: Civil Process Clerk**
**900 Jefferson Street**
**Oxford, Mississippi 38655**

**Office of United States Attorney General**
**U.S Department of Justice**
**950 Pennsylvania Avenue, NW**
**Washington, DC 20530**

**Assistant Attorney General for Administration**
**U.S. Department of Justice**
**Justice Management Division**
**950 Pennsylvania Avenue, NW, Room 1111**
**Washington, DC 20530**

**Civil Process Clerk**
**United States Attorney's Office**
**555 4th Street, NW, Washington, DC 20530**

**Ms. Locke D. Barkley, via ECF**

**Office of U.S. Trustee, via ECF**

   This the 19th day of August, 2019

            /s/Robert H. Lomenick
            **KAREN B. SCHNELLER**
            **ROBERT H. LOMENICK**